Khakon v. Holder

BIA
Wright, IJ
A087 995 425

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand fourteen.

PRESENT:
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

MOHAMMED KHAKON,
> *Petitioner,*

> v.                                    13-4470
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Edward E.

**Wiggers, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammed Khakon, a native and citizen of Bangladesh, seeks review of a November 8, 2013, decision of the BIA, affirming the November 15, 2011, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammed Khakon*, No. A087 995 425 (B.I.A. Nov. 8, 2013), *aff'g* No. A087 995 425 (Immig. Ct. N.Y. City Nov. 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)(per curiam). For asylum applications

2

governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in the asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Here, substantial evidence supports the agency's determination that Khakon was not credible.

The IJ properly relied on the multiple inconsistences between Khakon's statements and documentary evidence. *See Xiu Xia Lin*, 534 F.3d at 167. Khakon's asylum application and hearing testimony differed as to the location of an injury he suffered during an alleged attack on a Bangladesh National Party meeting. Letters from family and friends also provided differing locations for the injury. This inconsistency goes to the heart of Khakon's claim of political persecution because it relates to his main allegation of harm. *See Xiu Xia Lin*, 534 F.3d at 163-64; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006)(per curiam).

The agency's determination is further supported by additional inconsistences and Khakon's lack of familiarity

3

with his own documentary evidence.  Khakon did not know when his father died, but he submitted an affidavit just a few weeks before his merits hearing providing an exact date for his father's death.  He also could not remember how he obtained the documents he submitted in support of his claim, and he could not explain how his birth certificate could have been issued in 2011 when the face of the certificate itself reflected a 2008 issuance date.  Combined, the inconsistencies regarding the injury and these additional problems with the documentary evidence are adequate support for the agency's credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 163-64.

Moreover, Khakon's argument that the IJ should have given greater weight to the report of his psychiatrist, Dr. Reich, and credited Dr. Reich's notation of a scar on Khakon's leg is without merit.  The report merely states that Khakon has a scar on his leg.  It does not resolve the inconsistency between his testimony and application concerning the particular location of his injuries.

Khakon also argues that the agency should have considered the letter submitted by his doctor in Bangladesh.  While this letter does corroborate Khakon's testimony that

4

the injury was to his left ankle, it was submitted late with a postmark from the United Arab Emirates, not Bangladesh, and prepared in 2011, two years after the injury. Furthermore, it does not resolve the inconsistency in Khakon's application. Moreover, an IJ is under no obligation to "expressly parse or refute" every piece of evidence in the record. *See Wei Guang Wang v. B.I.A., 437 F.3d 270, 275 (2d Cir. 2006) (*quoting *Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 160 n.13 (2d Cir. 2006)).*

Khakon now raises an additional argument. He contends that Dr. Reich's diagnoses of Post-Traumatic Stress Disorder and Major Depressive Disorder account for his difficulty remembering where he was injured and when his father died. Even assuming this argument is exhausted, it is without merit. The IJ did rely on the report, noting that Dr. Reich found Khakon to have no cognitive disabilities. In any event, the diagnoses do not explain why Khakon filed a sworn affidavit providing an exact date for his father's death if he could not remember when his father died.

Considering the totality of circumstances, including the inconsistencies and Khakon's inability to identify the source of many of his supporting documents, substantial

5

evidence supports the agency's adverse credibility determination.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 165-66.  Accordingly, the agency did not err in denying Khakon asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk